IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

TENA J. CLARK,
    Plaintiff,

v.

MEIGS COUNTY, TENNESSEE; and
CASEY STOKES, in his individual capacity
as Meigs County General Sessions Judge;
    Defendants.

Docket No.1:24-cv-312
JURY DEMAND

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SPECIAL ORDER
## PURSUANT TO LOCAL RULE 83.2(c)

Plaintiff, by and through counsel, submits this brief in support of her Motion for Special Order and would show that the Court the following:

On or about September 13, 2024, Plaintiff filed suit against Casey Stokes, General Sessions Court Judge of Meigs County, Tennessee, in his individual and official capacity, and against other Defendants alleging violations of her civil rights (Doc. 1, PageID 1-32).

Attorney Arthur Knight Waived Service of Summons on behalf of Defendant Casey Stokes as well as Defendant Meigs County, Tennessee on September 24, 2024. (Doc. 7, PageID 45 and Doc. 8, PageID 46). No other attorney has entered an appearance or filed any responsive pleadings on behalf of either defendant.

Attorney Matthew Rogers, identifying himself as representing Defendant Casey Stokes, is quoted in the article in the Monday, September 30, 2024, edition of the Chattanooga Times Free Press that Plaintiff's counsel are pursuing a ***"personal vendetta."*** (emphasis added) See Exhibit 1. According to the article, Attorney Matthew Rogers characterized Plaintiff's suit as: ***"just another attempt to pursue a personal vendetta against Judge Stokes. We've found***

*numerous lies and mistruths scattered throughout the complaint that we can disprove."* (emphasis added). Id. Attorney of record for both Defendants, Arthur Knight, is not quoted or referenced in the article.

As the article itself points out, it is not the first instance where Attorney Matthew Rogers sought to publicly defend Defendant Casey Stokes in the media. Attorney Matthew Rogers is quoted as saying in the Thursday, June 13, 2024, edition of the Chattanooga Times Free Press *"[i]f you show up intoxicated, high and cause a disturbance, you're going to get checked out, drug tested or held in contempt." "What else is a public official supposed to do?"* (emphasis added). See Exhibit 2. Attorney Matthew Rogers' quotations relate to another lawsuit filed by Plaintiff's counsel, Ashbrook v. Meigs County, Tennessee, et. al., #1:24-CV-00165, currently pending in the U.S. District Court for the Eastern District of Tennessee in which Defendant Casey Stokes is a party-defendant. Attorney Matthew Rogers and Attorney Andrew Bateman, both of the firm, Rogers, Sauceman & Bateman, have entered appearances as attorneys of record for Defendant Casey Stokes in that litigation.

Plaintiff's counsel addressed the potential implications of publicly discussing these cases involving Defendant Casey Stokes with other defense counsel shortly after the first incident in June 2024 and believed that they reached an understanding. Therefore, Plaintiff's counsel was surprised to be contacted on Friday, September 27, 2024, by a local reporter for the Chattanooga Times Free Press on this matter for comment. Confronted by the press, Plaintiff's counsel was forced to offer the following statement:

> **We have not filed these actions lightly, and we understand the seriousness of such a course of action. We have acted out of a sincere belief that the integrity of the judicial system must be defended. We are not permitted to comment on the specifics of any case but stand by the allegations in our complaint.**

Ex. 2. (emphasis added).

Attorney Matthew Rogers may have any number of internal and/or external motivations to speak publicly about Plaintiff's suit. Whatever the reasons underlying Attorney Matthew Rogers' decision to continue to speak publicly about Plaintiff's pending legal matter to the media may be, courts have long recognized that extrajudicial speech made by attorneys has the unique ability of potentially prejudicing public opinion. The Supreme Court decided in <u>Gentile v. State Bar of Nevada</u>, 501 U.S. 1030 (1991), that attorney speech can be limited more than the press at large in criminal cases. Here, boldly claiming that Plaintiff's verified complaint is full of **"*numerous lies and mistruths*"** to a local news reporter mirrors the comments which the Supreme Court found would likely influence the outcome of a trial. <u>Gentile v. State Bar of Nevada</u>, <u>supra</u> (emphasis added). The local media is not the proper forum for Defendant Casey Stokes' counsel, including Matthew Rogers, to zealously represent Defendant Casey Stokes. In fact, his counsel of record in the present case has not felt the need to try this case in the public eye – only Attorney Matthew Rogers.

The comments made by Attorney Matthew Rogers in defense of Defendant Casey Stokes to the press are now posted on social media, capable of reaching a world-wide audience.



5

Attorney Matthew Rogers' quotes are no longer limited to the community in which Plaintiff is known but are now available worldwide causing Plaintiff unnecessary emotional upset and genuine fear that her reputation may be irreparably tarnished. Of all the attorneys involved in this matter, either of record or informally, only Attorney Matthew Rogers continues to make inflammatory comments to the media which have the effect of undermining the judicial system by claiming Plaintiff's pleadings are full of *"lies."* See, Exhibit 1, Monday, September 30, 2024, edition of the Chattanooga Times Free Press.

Like the State Bar of Nevada, the State Bar of Tennessee has a legitimate state interest in protecting the integrity and fairness of the judicial system. The Tennessee Rule of Professional Conduct 3.6 directs that

> [a] lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer *knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding*.

T.R.P.C. 3.6 (emphasis added).

Further the Local Rules of this Court, provide in part that:

> No lawyer . . . associated with a civil action shall, during its investigation or litigation make or participate in making an extrajudicial statement, other than a quotation from or reference to public records, which a reasonable person would expect to be disseminated by means of public communication if there is a reasonable likelihood that such dissemination will interfere with a fair trial and if such dissemination relates to:
>
> \* \* \* \*
>
> **(2) the character, credibility, or criminal record of a party, witness or prospective witness . . .**

L.R. 83.2 (emphasis added).

Attorney Matthew Rogers has publicly disparaged Plaintiff's credibility; publicly discussed potential evidence; expressed his opinion publicly regarding the merits of Plaintiff's

6

claims; openly discussed defenses presumed to be raised by Defendant Casey Stokes; and disparaged the ethics and credibility of opposing counsel to a local and nationwide audience. Matthew Rogers, representing himself as representing Defendant Casey Stokes, is free to make such statements as he believes just and proper in his pleadings filed with the Court but should not be free to try the case in the media. Extrajudicial statements serve no valid purpose in this or any other litigation.

Wherefore, Plaintiff requests that this Court enter a Special Order admonishing the Defendant Casey Stokes and his counsel or representatives, including Attorney Matthew Rogers, who is holding himself out to represent Defendant Casey Stokes, to refrain from making extrajudicial statements in violation of the requirements of Local Rule 83.2(a) and clarifying expected codes of conduct in this matter.

Plaintiff further requests that this Court grant her such additional and further relief as this Court deems appropriate in light of the disparaging and derogatory nature of the extrajudicial statements made by Attorney Matthew Rogers in this case.

CHANCEY – KANAVOS

BY: /s/ H. Franklin Chancey
H. FRANKLIN CHANCEY, BPR# 013187
G. SCOTT KANAVOS, BPR #013292
Attorney for Plaintiff
P.O. Box 42
Cleveland, Tennessee 37364-0042
(423) 479-9186
franklin@cklplaw.com
scott@cklplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2024, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served via regular U.S. Mail to the addresses listed below. Parties may access this filing through the Court's electronic filing system.

Sheridan C.F. Randolph
255 N Ocoee St
P.O. Box 1035
Cleveland, TN 37364-1035
sheridan@sheridanrandolph.com

Matthew Rogers
Andrew Bateman
Rogers Sauceman & Bateman
P.O. Box 507
Athens, TN 37371
mattew@rogerslaw.com
andrew@rogerslaw.com

/s/ H. Franklin Chancey
H. FRANKLIN CHANCEY