# Meigs judge hit with 2nd lawsuit

Chattanooga Times Free Press · 30 Sep 2024 · BY BEN BENTON STAFF WRITER

A Meigs County judge had a woman arrested, held for contempt and then released the following day after her brother-in-law — a former Chattanooga police chief — inquired about her, according to a federal civil rights lawsuit.

Tena J. Clark, 62, of Hamilton County, alleges Meigs County General Sessions Judge Casey Stokes violated her rights under the Fourth, Sixth, Eighth and 14th amendments in an incident at the Meigs courthouse.

Stokes' lawyer said Clark's attorneys are pursuing a "personal vendetta."

ALLEGATIONS

Clark was at the Meigs County Courthouse for a case involving her son and had no business with Stokes. Clark's son has a traumatic brain injury, and Clark has power of attorney, according to the suit filed by Cleveland, Tennessee, attorneys Franklin Chancey and Scott Kanavos. The suit names Stokes and Meigs County as defendants and seeks $5 million in damages.

After Clark passed through the courthouse security's second-floor metal detector, "two officers and a large, bald man rushed passed (past) her toward her son," the suit states.

"We believe it's just another attempt to pursue a personal vendetta against Judge Stokes. We've found numerous lies and mistruths scattered throughout the complaint that we can disprove."

— MATTHEW ROGERS, STOKES' ATTORNEY

When Clark asked, "What's happening?" she contends the large, bald man put his finger in her face "and yelled 'shut up.'"

Clark realized her son was being placed in handcuffs behind her at the metal detector before passing through, the suit states.

She tried to tell the officers she had power of attorney for him and retrieve a related document from her bag, the suit states. The bald man told the officers to arrest Clark, who contends she didn't know it was Stokes because he was in street clothes and wore no robe, name tag or other indication of his title.

When Clark asked, "Why are you doing this?" she was told by one of the officers, "When the judge tells you to shut up, you need to shut up," the suit states.

Clark was handcuffed and placed in a locked holding area without having been read her Miranda rights, told what crime she committed, afforded a hearing or told what had happened to her son, the suit states. Clark also wasn't allowed to contact her husband, who has medical conditions requiring her to serve as his caregiver. Clark's husband was waiting in a parked vehicle outside the courthouse, the suit states.

Clark said she never raised her voice, offered any resistance or used profane or obscene language during her encounter with Stokes, the suit states.

Clark said her release around 3 p.m. the next day came "shortly after her brother-in-law, former City of Chattanooga Police Chief, Bobby Dodd, telephoned the sheriff of Meigs County, Tennessee, and inquired as to what was going on with his sister-in-law," the suit states. Clark's suit includes a copy of a Meigs County Jail booking report that she contends shows "an attempt by the defendants to scrub plaintiff's name from both the Tennessee crime database and the National Crime Information Center database."

Stokes' lawyer, Athens, Tennessee, attorney Matthew Rogers, said in a phone interview Clark's legal firm is motivated by personal reasons.

"We believe it's just another attempt to pursue a personal vendetta against Judge Stokes," Rogers said in a phone call. "We've found numerous lies and mistruths scattered throughout

> "We have not filed these actions lightly, and we understand the seriousness of such a course of action. We have acted out of a sincere belief that the integrity of the judicial system must be defended."
> — FRANKLIN CHANCEY, CLARK'S ATTORNEY

the complaint that we can disprove. We suspect this case will very likely reveal many mistruths alleged by the plaintiff and her attorneys. We strongly believe it will be very favorable to Judge Stokes and the county."

Sheridan Randolph, a Cleveland attorney who represents Meigs County, didn't respond to an email and phone message seeking comment on the suit.

"We have not filed these actions lightly, and we understand the seriousness of such a course of action," Chancey said in an email. "We have acted out of a sincere belief that the integrity of the judicial system must be defended. We are not permitted to comment on the specifics of any case but stand by the allegations in our complaint."

Chancey and Kanavos declined to comment on Rogers' accusations of having a vendetta when reached Thursday by email.

FIRST SUIT

A federal civil rights suit filed against Stokes and the county on May 8 alleges similar allegations of misconduct in the courthouse hallway. Stokes is accused of ordering Hannah Ashbrook to produce a urine sample and jailing her for 10 days after a probation officer declared the sample "positive," before throwing the container and sample away, Ashbrook's suit states. The suit, also filed by the Chancey and Kanavos firm in Cleveland, doesn't state an amount sought but seeks unspecified compensatory and punitive damages.

Rogers said June 12 that Ashbrook's account of events is filled with discrepancies, and an answer filed June 27 in federal court pins the blame for the outcome on Ashbrook. Contrary to the plaintiff's account of events, Rogers said Ashbrook had been in Stokes' courtroom that day with another person, and the two were disruptive during court. Stokes' answer contends Ashbrook and the party she was with were under the influence of intoxicants, tested positive for illegal drugs and were appropriately incarcerated.

"If you show up intoxicated, high and cause a disturbance, you're going to get checked out, drug tested or held in contempt," Rogers said. "What else is a public official supposed to do?

Send somebody away that's visibly intoxicated and let them hurt somebody or themselves?"

When reached for comment on the most recent suit, Rogers contended that suit, too, was part of a vendetta against the judge.

REPRIMAND

Stokes was disciplined in January 2023 by the Tennessee Board of Judicial Conduct for his conduct in an unrelated case.

The reprimand stemmed from an Oct. 11, 2022, court hearing in which Stokes called a litigant a "tough guy," told the man's daughter to "shut up" and mocked the man's disabled wife.

"In imposing this sanction, the panel considered that you previously received a warning concerning a lack of selfcontrol in raising your voice and using intemperate words in court," board Chair Dee David Gay said in a Jan. 4, 2023, letter to Stokes. "In short, the conduct described above fails to meet the standards of conduct expected of those privileged to hold judicial office. The board trusts that the reprimand imposed today will cause you to avoid any future conduct that gives even the appearance of any impropriety or the display of any undignified behavior."

Defendants in federal cases typically have 21 days from being served to file a response.