# Suit filed against Meigs judge, sheriff over arrest

BY BEN BENTON STAFF WRITER

A Meigs County judge is accused of forcing a woman visiting the courthouse to take a urine sample and sentencing her to jail after he "guaranteed she would be dirty," according to a civil rights lawsuit filed against the judge, sheriff and others.

The suit filed in U.S. District Court in Chattanooga names Meigs County General Sessions Judge Casey Stokes, probation officer Carol Pettit, Sheriff Jackie Melton and Deputy Ben Christian as defendants. The seven counts allege false arrest, unlawful seizure, excessive force, denial of rights to legal counsel and denial of due process under the Fourth, Sixth and 14th amendments, and false arrest and false imprisonment under state law.

On May 11, 2023, plaintiff Hannah Ashbrook, 26, was at the Meigs County Courthouse on private business when she stopped in the hallway to ask a Meigs County deputy for directions, the suit states. While Ashbrook talked with Christian, "a man stepped into the hallway from behind defendant Christian from an alcove."

Stokes, dressed in street clothes, ordered Ashbrook to go into the public restroom and provide a urine sample for a drug test, announcing in the crowded hallway that he "guaranteed she would be dirty," the suit states.

While Christian held the ladies' restroom door open with his foot, Pettit "forced" Ashbrook to produce a

Urine sample and said Ashbrook had 30 seconds while counting down the seconds, the suit states. Ashbrook contends no one would answer her questions about what was happening and that she felt coerced.

Pettit looked at the cup containing the sample, declared it "positive," disposed of the sample and container, and Christian placed Ashbrook in handcuffs while still inside the restroom, the suit states. Based on Pettit's verbal announcement the sample was positive, Stokes ordered her to serve 10 days in jail. Stokes filled out a plea form included in the suit document.

The top of the form includes blanks for signatures by the defendant and the lawyer, a checkbox for a waiver of a preliminary hearing and a checkbox for a waiver of rights to be tried by a jury, none of which had been filled out or signed by Ashbrook. She contends she committed no crime, hadn't entered the General Sessions courtroom and was not using drugs.

At the bottom of the form where judgments are entered, Ashbrook's name was handwritten along with a note stating "Contempt in courtroom and hall high on fentanyl and amphetamine, etc." along with Stokes' order for Ashbrook to serve 10 days in jail.



STAFF PHOTO BY BEN BENTON The Meigs County Courthouse is shown in 2017 on a stormy day in Decatur, Tenn.

Ashbrook never waived her right to an attorney or a preliminary hearing, and she was not read her Miranda rights or asked to consent to the drug screen, the suit states. It also alleges she was jected to an unlawful seizure and search relative to the urine sample.

Denied due process and sub-

Case 1:24-cv-00312-TRM-SKL   Document 10-2   Filed 10/01/24   Page 1 of 3   PageID #: 58

EXHIBIT 2

jected to an unlawful seizure and search relative to the urine sample.

Ashbrook also contends she was unlawfully detained in the ladies' restroom, arrested without probable cause, denied bond and her right to legal counsel, and was not allowed to defend herself or have a hearing, according to the lawsuit.

## COURTHOUSE BOSS

Any reasonable judicial officer would have known seizing Ashbrook under those circumstances would violate her constitutional rights and constitute an abuse of judicial authority, according to the suit filed by Ashbrook's attorneys, Cleveland, Tennessee, lawyers Scott Kanavos and Franklin Chancey. Ashbrook and her attorneys believe Stokes' actions are part of a pattern of behavior that shows a disregard for the law and a lack of training.

"Meigs County's official policy and practices are so persistent and widespread to practically have the force of law that Judge Stokes is the 'boss' of the Meigs County Courthouse," the suit states, "with final decisionmaking authority resulting in constitutional deprivations for its citizens, such as plaintiff, because local law enforcement and other employees of Meigs County customarily follow verbal directives given by Judge Stokes without question."

Besides an award of unspecified statutory, compensatory and punitive damages, the suit seeks a declaration by the court that the defendants in the case have engaged in a pattern of conduct that deprives people of their constitutional rights, an order for Meigs officials to refrain from similar actions and to adopt policies and implement training to avoid problems in the future.

When reached by phone, Meigs County Mayor Eddie Jewell declined to comment on the case and referred questions to the lawyer representing the county, sheriff, probation officer and deputy, Cleveland attorney Sheridan Randolph.

According to those who answered the phone at his office, Randolph was in meetings all day Wednesday and was in court Thursday and could not be reached for comment.

## STOKES' VERSION

Stokes' attorney, Athens, Tennessee, lawyer Matthew Rogers, said Ashbrook's account of events is filled with discrepancies.

"We look forward to exposing the truth about the whole matter," Rogers said in a phone interview. "There are some real discrepancies in the facts and the law that we disagree with. Judge Stokes treats people with respect and dignity, but he still has to maintain control and decorum in his courtroom."

Contrary to the plaintiff's account of events, Rogers said Ashbrook had been in Stokes' courtroom that day with another person, and the two were disruptive during court.

"I believe the judge had to shush them and call them down several times before he decided to call a recess," Rogers said. "It's my understanding the lady and whoever she was with all tested positive for methamphetamine, fentanyl and alcohol. From my initial investigation, it's my understanding that she agreed to take the drug test with the officer."

Rogers said Stokes is responsible for his courtroom's safety and security.

"If you show up intoxicated, high and cause a disturbance, you're going to get checked out, drug tested or held in contempt,"

Rogers said. "What else is a public official supposed to do? Send somebody away that's visibly intoxicated and let them hurt somebody or themselves?"

Rogers said he would file an answer to Ashbrook's suit sometime over the next couple of weeks.

## 2023 REPRIMAND

In January 2023, the Tennessee Board of Judicial Conduct publicly reprimanded Stokes for his conduct in an unrelated case. Stokes' reprimand stemmed from an Oct. 11, 2022, court hearing in which he called a litigant a "tough guy," told the man's daughter to "shut up" and mocked the man's disabled wife.

"In imposing this sanction, the panel considered that you previously received a warning concerning a lack of self-control in raising your voice and using intemperate words in court," board Chair Dee David Gay said in a Jan. 4, 2023, letter to Stokes. "In short, the conduct described above fails to meet the standards of conduct expected of those privileged to hold judicial office. The board trusts that the reprimand imposed today will cause you to avoid any future conduct that gives even the appearance of any impropriety or the display of any undignified behavior."



When reached by phone, Meigs County Mayor Eddie Jewell declined to comment on the case and referred questions to the lawyer representing the county, sheriff, probation officer and deputy, Cleveland attorney Sheridan Randolph.

According to those who answered the phone at his office, Randolph was in meetings all day Wednesday and was in court Thursday and could not be reached for comment.

## STOKES' VERSION

Stokes' attorney, Athens, Tennessee, lawyer Matthew Rogers, said Ashbrook's account of events is filled with discrepancies.

"We look forward to exposing the truth about the whole matter," Rogers said in a phone interview. "There are some real discrepancies in the facts and the law that we disagree with. Judge Stokes treats people with respect and dignity, but he still has to maintain control and decorum in his courtroom."

Contrary to the plaintiff's account of events, Rogers said Ashbrook had been in Stokes' courtroom that day with another person, and the two were disruptive during court.

"I believe the judge had to shush them and call them down several times before he decided to call a recess," Rogers said. "It's my understanding the lady and whoever she was with all tested positive for methamphetamine, fentanyl and alcohol. From my initial investigation, it's my understanding that she agreed to take the drug test with the officer."

Rogers said Stokes is responsible for his courtroom's safety and security.

"If you show up intoxicated, high and cause a disturbance, you're going to get checked out, drug tested or held in contempt," Rogers said. "What else is a public official supposed to do? Send somebody away that's visibly intoxicated and let them hurt somebody or themselves?"

Rogers said he would file an answer to Ashbrook's suit sometime over the next couple of weeks.

## 2023 REPRIMAND

In January 2023, the Tennessee Board of Judicial Conduct publicly reprimanded Stokes for his conduct in an unrelated case. Stokes' reprimand stemmed from an Oct. 11, 2022, court hearing in which he called a litigant a "tough guy," told the man's daughter to "shut up" and mocked the man's disabled wife.

"In imposing this sanction, the panel considered that you previously received a warning concerning a lack of self-control in raising your voice and using intemperate words in court," board Chair Dee David Gay said in a Jan. 4, 2023, letter to Stokes. "In short, the conduct described above falls to meet the standards of conduct expected of those privileged to hold judicial office. The board trusts that the reprimand imposed today will cause you to avoid any future conduct that gives even the appearance of any impropriety or the display of any undignified behavior."

Case 1:24-cv-00312-TRM-SKL   Document 10-2   Filed 10/01/24   Page 3 of 3   PageID #: 60