TENA J. CLARK, )
)
    Plaintiff, )
)
v. ) No. 1:24-cv-312
)
MEIGS COUNTY, TENNESSEE; and )
CASEY STOKES, in his individual capacity )
As Meigs County General Sessions Judge, )
)
    Defendants. )

### DEFENDANT CASEY STOKES' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT/MOTION TO DISMISS

It is respectfully submitted that Plaintiff's Response is without merit.

For whatever reason, Plaintiff decided to accompany her son to the General Sessions Court for Meigs County, Tennessee in Decatur, Tennessee for a court appearance over an order of protection that had been filed against her son by her son's then-girlfriend, Sarah Walker. No dispute exists, and Plaintiff does not contest that the General Sessions Court for Meigs County, Tennessee had jurisdiction over her son concerning the order of protection that had been filed and Casey Stokes was in fact the General Sessions Judge for Meigs County, Tennessee. Additionally, no dispute exists that at the time of Plaintiff's arrest she was indisputably inside the building on the second floor of the Meigs County Courthouse directly in front of the two (2) doors to the courtroom of the General Sessions Court for Meigs County, Tennessee. Plaintiff was arrested after she had already passed through the metal detector directly outside the courtroom and was waiting for her son. Having already called the docket, Judge Stokes had walked through the courtroom

1

doors and stood directly in front of the courtroom conversing with several law enforcement officers.

Plaintiff takes issue with her arrest as it occurred outside the courtroom. Yet, it occurred outside the courtroom because Plaintiff was indisputably late, and indisputably belligerent with law enforcement as well as Judge Stokes after her son, who was indisputably on bond, was told that he needed to take a drug test.[1]

Plaintiff's Response rambles on about Judge Stokes's alleged "behavior," the fact that Plaintiff was "confused," the fact that the arrest occurred outside the courtroom, and implied Judge Stokes made the wrong decision.

Plaintiff's arguments truly have nothing to do with Judge Stokes' entitlement to immunity against Plaintiff's Section 1983 action. Plaintiff's filings, including her initiating Complaint, does nothing but go on and on about her plight and blames everything on Judge Stokes and demands to be compensated. It is respectfully submitted, however, that nothing in Plaintiff's Response does anything to pierce the veil of judicial immunity. Judge Stokes' position is heavily regulated by the rules, regulations and laws of the State of Tennessee, and Plaintiff, if she chose, could have availed herself of redress utilizing anyone of these other avenues. She did not. Plaintiff chose to file a Section 1983 action alleging the violation of her federal constitutional rights based solely on a decision Judge Stokes made of which Plaintiff disagreed.[2]

---

[1] Plaintiff's son is not the subject of Plaintiff's lawsuit and any information concerning her son is mentioned as a result of providing context only.
[2] Plaintiff makes much of the fact that her "conduct" did not occur in the courtroom. Again, location does not matter as Judge Stokes is clearly able to control the conduct of individuals just outside the courtroom doors in furtherance of civilly regulating the conduct of individuals in and around the courtroom area. This is especially true when the individuals, like Plaintiff, has business or purposely avails herself into the business of another in the domain of the General Sessions Court of Meigs County, Tennessee and is accordingly bound by its decorum. The simple fact of the matter is that the entire incident Plaintiff complains of occurred solely because of a decision Judge Stokes made solely in his capacity as a judicial officer. In that regard, Plaintiff's Section 1983 action lacks merit and respectfully should be dismissed on the grounds of judicial immunity.

## CONCLUSION

For each and all of the foregoing reasons, it is respectfully submitted that Plaintiff's action against Judge Stokes be dismissed.

Respectfully submitted this 24th day of June, 2025.

**ARTHUR F. KNIGHT, III**

/s/ *Arthur F. Knight, III*
Arthur F. Knight, III, BPR# 016178
The Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, Tennessee 37918
(865) 252-0430
art@artknightlaw.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2025, a copy of the foregoing Defendant Casey Stokes' Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment/Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ *Arthur F. Knight, III*
Arthur F. Knight, III