# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

TENA J. CLARK,
     Plaintiff,

v.

MEIGS COUNTY, TENNESSEE; and
CASEY STOKES, in his individual capacity
as Meigs County General Sessions Judge;
Defendants.

Docket No 1:24-cv-312
JURY DEMAND

## OPPOSITION TO CASEY STOKES' MOTION FOR STAY OF FURTHER DISCOVERY PENDING FINAL RULING ON JUDICIAL IMMUNITY QUESTION

Plaintiff, Tena Clark, through counsel, opposes Casey Stokes' ("Stokes") Motion For Stay of Further Discovery Pending Final Ruling On Judicial Immunity Question ("Motion"). [Doc. 44]. Stokes' Motion implies that a ruling has not been made on the issue of judicial immunity, ignores the Court's Order [Doc. 32], and amounts to nothing more than a back-door attempt to rehear the previously-denied Motion to Dismiss [Doc.25 and 26]. Plaintiff asserts that the Motion should be denied. For the reasons below, there is no justification to stay discovery.

## BACKGROUND

Plaintiff filed this lawsuit against Stokes seeking relief for the physical and emotional damages that she suffered from her arrest for contempt on or around February 8, 2024, at Stokes' direction. The parties participated in a scheduling conference on January 16, 2025, in which the Court ordered that limited discovery could commence but advised that Stokes could not be deposed until the resolution of a Motion to Dismiss [Doc. 22, 25 and 26]. Stokes was also given a deadline of May 30, 2025, to file his dispositive motions on the basis of judicial immunity in the Scheduling Order [Doc. 22].

1

Following the permitted limited discovery, the Court considered Stokes' Motion to Dismiss [Doc. 25 and Doc. 26] filed by Stokes' prior counsel of record, Plaintiff's Response, [Doc. 29] and Stokes' Reply [Doc. 30]. The stated basis for the Motion to Dismiss was an assertion of judicial immunity. The Court denied that motion on December 12, 2025 [Doc. 32]. Despite this Court's ruling, Stokes now seeks to further stay discovery following the parties' failed mediation on May 1, 2026, which Stokes did not attend. [Doc. 43]

Stokes is effectively trying to re-litigate the matters raised in his previously denied Motion to Dismiss [Doc. 25 and 26] [Doc. 31 and 32]. Plaintiff is following the previous directive of the Court. [Doc. 22]. Re-styling his motion as one to stay discovery does not change the impact of the request in the motion. Stokes' attempt to introduce additional material facts in order to stymie discovery is not appropriate under the Rules.

Matthew Rogers' Affidavit constitutes a statement of additional material facts which are not properly before this Court for consideration at this time. Matthew Rogers represented Stokes in a similar matter as the one now before the Court. Arguably, Matthew Rogers' affidavit might be admissible to support a Motion for Summary Judgment at some point in the proceedings. However, it is not supported by the Rules in this vehicle. Because this Affidavit is the sole justification for the Motion now before the Court, it should not be considered at this stage of the proceedings. Thus, for the additional reasons listed below, there is no reason to stay discovery in this case.

## LEGAL STANDARD

It is well settled that the Federal Rules of Civil Procedure do not provide for a "Motion to Stay Discovery." Lee v. Vanderbilt Univ., No. 3:20-CV-00924, 2021 U.S. Dist. LEXIS 184911, *3-4 (M.D. Tenn. Apr. 15, 2021). "Trial courts have broad discretion and inherent power to stay

2

discovery until preliminary questions that may dispose of the case are determined." Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999). When considering to stay discovery, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. FTC v. E.M.A. Nationwide, Inc., 767 F.3d 611, 628 (6th Cir. 2014).

**LAW AND ARGUMENT**

**I.        The Federal Rules of Civil Procedure do not provide for a motion to stay discovery**

Here, as an initial threshold matter, Stokes' Motion should be summarily denied on its face. As stated in Lee, supra, the Federal Rules of Civil Procedure do not provide such a motion. Id. Further, the Local Rules of this Court do not provide for such a motion. Moreover, any "preliminary questions" which may have warranted a stay of discovery under Hahn, supra, were resolved when the Court imposed limitations on discovery and considered Stokes' Motion to Dismiss [Doc. 25] and his Memorandum in Support [Doc. 26].

A denial of Stokes' current Motion by this Court would be in keeping with the scope and purpose of the Federal Rules of Civil Procedure because the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court followed that directive by limiting discovery and imposing a deadline for filing a Motion to Dismiss on the basis of judicial immunity.

In addition to his Motion's procedural defects, Stokes' request to stay discovery reveals a lack of appreciation and fundamental misunderstanding of the discovery process. Rather than viewing discovery as a process to obtain information about "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" as provided in

3

Federal Rule of Civil Procedure 26(b)(1), Stokes asserts that necessary discovery should be denied based merely upon his status as a judge. While it is true that vast protections are provided to judges, those protections are not absolute. The Court has held [Doc. 31-32] that the Plaintiff overcame Stokes' Motion to Dismiss [Doc. 25-26] by establishing a plausible question as to whether Stokes was acting in a judicial capacity at the time that he ordered Plaintiff's arrest. The Plaintiff is now permitted to engage in further discovery relevant to all issues before the Court and all defenses raised by Stokes.

Stokes' analysis does not fall within the Federal Rules of Civil Procedure which promotes resolving disputes with as full and accurate an understanding of the true facts as possible. See Emmons v. Miller Elec. Mfg. Co., No. 2:08-CV-02400STA-cgc, 2009 U.S. Dist. LEXIS 80327 at *7, citing Hickman v. Taylor, 329 U.S. 495, 501, 507 (1947) ("Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation."). The Court permitted limited discovery prior to Stokes filing his Motion to Dismiss [Doc. 25 and Doc. 26]. Stokes provides no reason why Matthew Rogers' affidavit contains newly discovered information he did not know or have access to prior to May 30, 2025, which was the deadline set in the Scheduling Order [Doc. 22] for filing dispositive motions relating to judicial immunity. This supporting affidavit fails to meet the requirements of Rule 26(c). Stokes' "second bite at the apple approach" is not appropriate at this stage of the proceedings. Rule 26(c)'s good cause standard proves fatal to Stokes' Motion because, even with Matthew Rogers' affidavit, there is no showing how Stokes' needs protection from annoyance, embarrassment, oppression, or undue burden.

Presumably, Stokes would want more discovery - not less – following the denial of his Motion to Dismiss because he bears the burden of proof to establish his entitlement to absolute

judicial immunity. <u>Rieves v. Town of Smyrna</u>, 959 F.3d 678, 690-691 (6th Cir. 2020) <u>citing</u>

<u>Burns v. Reed</u>, 500 U.S. 478,486 (1991). Stokes has not articulated any viable reason to stay

discovery.

**II.     Stokes failed to meet his burden of establishing that the balance of equities favors a stay.**

"The proponent of a stay [Stokes] bears the burden of establishing its need." <u>Clinton v. Jones</u>, 520 U.S. 681, 708 (1997) (<u>citing</u> <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 255 (1936) (the

movant "must make out a clear case of hardship or inequity")). When determining whether to

grant a stay, courts consider multiple factors, including hardship to the moving party if required

to go forward, prejudice to the non-movant, and "the interest in economical use of judicial time

and resources." <u>FTC v. E.M.A. Nationwide, Inc.,</u> 767 F.3d 611, 628 (6th Cir. 2014) (quotation

omitted); <u>see</u> <u>Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.</u>, 565 F.2d 393, 396

(6th Cir. 1977). Ultimately, Stokes has the burden of "mak[ing] out a clear case of hardship or

inequity in being required to go forward[.]" <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 255 (1936).

Stokes does not, and cannot, meet this burden.

A party may seek a protective order under <u>Federal Rule of Civil Procedure</u> 26(c), if the

party can state a good faith basis for the request to prevent annoyance, harassment,

embarrassment, etc. <u>Fed. R. Civ. Proc.</u> 26(c). The supporting affidavit attached to Stokes'

Motion addresses no good faith basis as contemplated by <u>Federal Rule of Civil Procedure</u> 26(c).

Failure to provide a good faith basis for the request may result in an award of fees and/or

expenses to the non-moving party. <u>Fed. R. Civ. Pro.</u> 37(a)(5). Stokes has not sought to obtain

protections under Rule 26(c) nor did he comply with this Court's Local Rules. <u>See</u> <u>Local Rule</u>

16.5.l (providing that discovery is stayed only upon entry of an Arbitration Reference Order

which is inapplicable here).

Plaintiff would show that the parties conducted depositions of Plaintiff and Stokes' Court Officers on Saturdays in or order to not burden or adversely impact Stokes' court schedule. Stokes personally attended those depositions. Stokes has failed to establish, and cannot establish, that the balance of equities supports a stay. There is no harassment intended, no embarrassment, and no undue burden on Stokes by appearing for a deposition. Plaintiff's counsel is more than willing to accommodate the Defendant's schedule so as to not impact his actions as a judge. Plaintiff believes that Stokes waited to file this motion until after mediation in an attempt to delay his deposition currently set for May 27, 2026. Plaintiff avers that the parties will need this additional discovery to properly prepare for any future dispositive motions which may be filed.

This Court previously construed Stokes' Motion to Dismiss and Memorandum of Law [Doc. 25 and 26] under Federal Rule of Civil Procedure 12(c) for which the standard of review is indistinguishable from a motion to dismiss based on Rule 12(b)(6).[Doc. 26, Page ID#291-292 citing Huisjack v. Medco Health Sols., Inc., 496 F. Supp. 2d 859, 861-862 (S.D. Ohio 2007); see also Boulger v. Woods, 917 F.3d 471, 477 (6th Cir. 2019)]. This Court found that Stokes "ha[d] not shown that it is obvious, from the face of the complaint, that [Stokes] was controlling the proceedings before him rather than engaging in general courthouse security." [Doc. 31, Page ID #296]. Reasoning that "[t]his case presents a situation much closer to a judge accosting a bystander who never entered a courtroom to watch or participate in judicial proceedings" this Court denied [Doc. 31-32] Stokes' Motion to Dismiss. [Doc. 25-26], Orta v. Repp, No. 3:22-cv-00359, 2022 U.S. Dist. LEXIS 224633, at *5 (N.D. Ohio Dec. 13, 2022), aff'd. No. 23-3034, 2023 U.S. App. LEXIS 23388 (6th Cir. Sept. 1, 2023) (quoting Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997)). Plaintiff reasonably anticipates that Stokes will surely raise these assertions again in subsequent motions and Plaintiff needs to obtain additional discovery in order

6

to be able to fully respond and/or to file her own motions in this case.

"The very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003) (quoting Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987)). Nothing offered by Stokes in support of the current motion was unavailable to him at the time of the filing of his initial Motion to Dismiss. To the contrary, the precise ground now offered in support of the present motion was specifically raised by Stokes as the basis for the Motion to Dismiss. Plaintiff and her counsel should not be subjected to additional time and expense to re-litigate matters which have already been ruled on by the Court.

Any conceivable burden proceeding with discovery could impose upon Stokes does not outweigh the hardship that Plaintiff would face if her opportunity for reasonable discovery is denied. Staying discovery in this case will significantly prejudice Plaintiff by impairing her ability to seek effective relief, whereas Stokes cites to no hardship which he may suffer if he is required to move forward with discovery. Accordingly, Stokes' Motion should be denied.

**III.     Plaintiff is entitled to discover facts relevant to Stokes' judicial immunity claim**

Federal Rules of Civil Procedure 26(b)(1) authorizes Plaintiff to discover facts relevant to Stokes' judicial immunity claim.  Staying discovery would contravene the Federal Rules of Civil Procedure and substantially prejudice Plaintiff. The general scope of discovery under Rule 26(b)(1) entitles Plaintiff to obtain:

> discovery regarding any nonprivileged matter that is relevant to any party's claim or defense or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of

7

discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

In interpreting the broad sweep of the text, the U.S. Supreme Court has stated that "discovery itself is designed to help define and clarify the issue." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). The issue Stokes attempts to put back before this Court is his claim of absolute judicial immunity as already set forth in his Answer [Doc.14, Page ID#87, ¶229], his Motion to Dismiss [Doc. 25], the Memorandum in support of his Motion [Doc. 26], and now the brief submitted in support of this Motion [Doc. 44]. The Court effectively stayed discovery once in the Scheduling Order [Doc. 22] pending the resolution of Stokes' Motion to Dismiss [Doc. 25 and 26] which the Court denied [Doc. 31 and 32].

Further staying discovery and preventing Plaintiff from exercising her express right to discover facts under Rule 26(b)(1) related to Stokes' judicial immunity claim would substantially prejudice Plaintiff. However, Plaintiff is prepared to go to trial immediately if no further dispositive motions will be filed. The ordinary processes attendant to litigation must commence.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Stokes' Motion for Stay of Further Discovery Pending Final Ruling on Judicial Immunity Question and award appropriate fees pursuant to Fed. R. Civ. P. 37(a)(5).

**Respectfully submitted,**
**TENA CLARK,**
**Plaintiff, by her attorney,**

8

CHANCEY- KANAVOS

BY:  /s/ H. Franklin Chancey
      G. SCOTT KANAVOS, BPR #013192
      H. FRANKLIN CHANCEY, BPR#013187
      Attorneys for Plaintiff
      P.O. Box 42, Cleveland, TN 37364-0042
      (423) 479-9186
      scott@cklplaw.com
      franklin@cklplaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other interested parties will be served via regular U.S. Mail to the addresses listed below. Parties may access this filing through the Court's electronic filing system.

      Alix C. Michel
      David J. Ward
      Michel and Ward, P.C.
      735 Broad Street, Suite 406
      Chattanooga, TN 37402
      alix@michelandward.com
      david@micheandward.com

      Sheridan C.F. Randolph
      255 N Ocoee St
      P.O. Box 1035
      Cleveland, TN 37364-1035
      sheridan@sheridanrandolph.com

      BY:  /s/ H. Franklin Chancey
          H. FRANKLIN CHANCEY

9