Neutral

As of: May 21, 2026 8:39 PM Z

# Lee v. Vanderbilt Univ.

United States District Court for the Middle District of Tennessee, Nashville Division

April 15, 2021, Filed

Civil Action No. 3:20-cv-00924

**Reporter**

2021 U.S. Dist. LEXIS 184911 *

MIREILLE M. LEE, Plaintiff, v. THE VANDERBILT UNIVERSITY, Defendant.

**Prior History:** Lee v. Vanderbilt Univ., 2021 U.S. Dist. LEXIS 184905 (M.D. Tenn., Apr. 15, 2021)

## Core Terms

discovery, motion to dismiss

**Counsel:** [*1] For The Vanderbilt University, Defendant: Ryan P. Loofbourrow, Klein Solomon Mills PLLC, Nashville, TN; Sheree C. Wright, Office of the General Counsel, Nashville, TN; Kevin C. Klein, Klein Solomon Mills PLLC, Nashville, TN; John W. Borkowski, Husch Blackwell LLP (Chicago), Chicago, IL.

For Mireille M. Lee, Plaintiff: Richard James Braun, Braun & Associates PLLC, Gallatin, TN.

**Judges:** JEFFERY S. FRENSLEY, United States Magistrate Judge.

**Opinion by:** JEFFERY S. FRENSLEY

## Opinion

**Jury Demand**

**ORDER**

This matter is before the Court upon Defendant's Motion to Stay Discovery pending the Court's ruling on the Defendant's Motion to Dismiss. Docket No. 39. Defendant has filed a supporting memorandum of law. Docket No. 40. Plaintiff has filed a Response in Opposition to the motion (Docket No. 42) and the Defendant has filed a Reply (Docket No. 43). For the reasons stated herein, the Defendant's motion is DENIED.

**BACKGROUND**

This is an action related to Plaintiff's employment with Vanderbilt University and her efforts to obtain tenure. The matter was originally filed in state court where it remained pending for over a year before being dismissed in that forum and brought in this Court. In response to the Plaintiff's Amended Complaint, [*2] Defendant has filed a Motion to Dismiss. That matter is fully briefed and pending before the Court.

In the instant motion, Vanderbilt seeks a stay of discovery pending the Court's ruling on their Motion to Dismiss the First Amended Complaint. In support of its motion, the Defendant alleges that good cause for a stay exists because it has already produced voluminous documents and information to the Plaintiff in her previous state court suit; that if its motion to dismiss is granted the Court might no longer have jurisdiction over Plaintiff's remaining claims and there is no demonstrable harm to the Plaintiff if discovery is stayed pending the Court's determination of the motion to dismiss in light of the previous production. Docket No. 40. Defendant further notes that the Plaintiff has served "two significant sets" of written discovery in this case that seek "an enormous discovery effort at significant cost to Vanderbilt with respect to her new claims before it has been determined whether those claims are viable and whether the Court will exercise jurisdiction over them." *Id.* at p. 3. They contend that by staying discovery, the burden and expense for such expensive discovery would be [*3] reduced. *Id.* at p. 4.

In response, Plaintiff argues that the filing of a case dispositive motion is insufficient to warrant a stay of discovery in cases not involving immunity from suit and that the Defendant agreed in the proposed case management order to respond to written discovery in this case. Docket No. 42.

In reply, the Defendant reiterates the great discretion afforded the trial court in granting a stay. Docket No. 43. They note that their motion raises jurisdictional issues with respect to Plaintiff's claims for breach of contract regarding decisions made in 2016 and 2017. *Id.* Defendant explains that their agreement to participate in certain discovery was contingent on the court denying their motion to stay and assert that judicial economy supports a stay to avoid "extensive discovery" where the Court may not have jurisdiction over the new claims asserted.

## LAW AND ANALYSIS

The scope of discovery set out in Rule 26(b)(1) in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.) explicitly states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The trial court is afforded [*4] broad discretion in order to control and dictate the sequence of discovery. *Crawford-El. v. Britton*, 523 U. S. 574, 598-99, 118 S. Ct. 1584, 140 L. Ed. 2d 759 (1998). As this Court has previously noted, the Federal Rules of Civil Procedure do not specifically provide for a "Motion to Stay Discovery." *Cockrill v. Mortgage Electronic Registration System*, 2013 U.S. Dist. LEXIS 66925, 2013 WL 1966304 at *2 (M. D. Tenn. May 10, 2013). Several courts have essentially held that a motion to stay discovery should be viewed as a motion for protective order under Fed. R. Civ. P. 26(c)(1). Parties seeking a protective order pursuant to Rule 26(c) to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense have the burden to show good cause for such an order. *In re: Skelaxin Metaxalone Antitrust Lit.*, 292 F. R. D. 544, 549-50 (E. D. Tenn. 2013). To show good cause the moving party must articulate specific facts that show a

clearly defined and serious injury resulting from the discovery sought; mere conclusory statements will not be sufficient. *In re: Skelaxin*, 292 F. R. D. at 549. Rule 26(c) "assumes that a party has the right to issue a discovery request in the first place." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir 2001)(citing *Avirgan v. Hull*, 118 F. R. D. 252, 254 (D. D. C. 1987)). Good cause will not be shown merely because the disputed discovery may be inconvenient or expensive. *Isaac v. Shell Oil Co.*, 83 F. R. D. 428, 431 (E. D. Mich. 1979)(citing *United States v. American Optical Co.*, 39 F. R. D. 580 (N. D. Cal. 1966)).

Federal Rule of Civil Procedure 26(b)(2) allows the court to relieve any undue burden on a responding party. The court can limit discovery if the information sought is overly broad or imposes an undue burden upon the party from whom discovery is sought. In *Surles v. Greyhound Lines, Inc.*, 474 F. 3d 288, 305 (6th Cir. 2007), the Sixth Circuit observed [*5] that: "the desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." (quoting *Scales v. J. C. Bradford*, 925 F. 2d 901, 906 (6th Cir. 1996). As to the judge's role in discovery disputes "[t]he revisions in Rule 26(b)(2) are intended to provide the court with broader discretion to impose additional restrictions on the scope and extent of discovery." *Surles*, 474 F. 3 305. That sentiment has continued through subsequent revisions to Rule 26 including the most recent ones.

The court also possesses inherent authority to manage litigation. As noted by the First Circuit, "[a]s lawyers became more adept in utilizing the liberalized rules," "[t]he bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation. *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason to exercise this inherent judicial power in flexible pragmatic ways.'" *Id.* at 1011, n. 2 (quoting *HMG Property Investors, Inc. v. Parque Indust. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988).

As an initial matter, nothing in the initial case management order indicates an agreement by the Defendant to participate in discovery unless required to do so by the Court. The Defendant has consistently argued that a stay is appropriate and therefore is not going against some prior agreement.

The Defendant's [*6] argument is essentially is that their motion to dismiss may eliminate or reduce the scope of discovery required in this action and, because there has been substantial discovery in the state court case which may be used by agreement in this case, the burden of a stay to the Plaintiff is minimal compared to the extreme burden associated with the costs of discovery if it were to proceed. Docket No. 40. The problem with the Defendant's argument that it applies to every case in which an early dispositive motion is filed. If that were a sufficient basis, one would not expect the default position of Local Rule 16.01(g) to provide that discovery is not stayed during the pendency of dispositive motions. While Defendant notes that allowing discovery will cause "a significant hardship" they have offered no specifics as to the time or money estimated to be required in order to respond other than it would be required "to collect, search, review, and produce documents and electronically stored information on a significant scale at great costs to Vanderbilt." Docket No. 40, p. 4. The Court finds this insufficient to establish undue burden. See *Anderson v. Dillard's, Inc.*, 251 F. R. D. 307, 311 (W. D. Tenn.

2008)("a general statement that the discovery is overly broad and burdensome [*7] . . . by itself is insufficient to deny discovery").

The court gives little weight to the fact that significant discovery has already been conducted in the state court proceedings. It appears that the Defendant's primary objection is to discovery "directed primarily at new breach of contract claims concerning her 2016 tenure denial and successfully 2017 internal university grievance" which Defendant contends were not a part of the state court lawsuit in which that discovery was collected. Docket No. 40, pp. 1-3. Thus, the discovery conducted is different from the discovery the Defendant seeks to avoid.

In sum, the Defendant has offered no argument unique to this case that supports contradicting the presumption of the Local Rules that discovery will not be stayed pending resolution of any dispositive motions. Unless otherwise agreed to by the Parties, the Defendant shall respond to Plaintiff's outstanding written discovery requests within 30 days of the entry of this order.

For the reasons set forth herein, the Defendant's Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Docket No. 39) is **DENIED**.

**IT IS SO ORDERED**.

/s/ Jeffery S. Frensley

**JEFFERY S. FRENSLEY**

**United States Magistrate** [*8] **Judge**

---

**End of Document**