TENA CLARK,

    Plaintiff,

vs.

MEIGS COUNTY, TENNESSEE et al.,

    Defendants.

CASE #124 CV 312
Judge Curtis L. Collier
Magistrate Judge Michael J. Dumitru

## CASEY STOKES' MOTION FOR APPOINTMENT OF ATTORNEY ERIC J. OLIVER AS SPECIAL MASTER FOR HIS DEPOSITION

COMES NOW Defendant Casey Stokes ("STOKES"), through counsel, and pursuant to Federal Rule of Civil Procedure 53 and files the instant Motion for Appointment of Attorney Eric J. Oliver as a Deposition Special Master to preside over his deposition and rule on any deposition objections and in support of same states:

### I. Claim Raised

1) This is an alleged §1983 action arising from the arrest for contempt of Plaintiff Tena Clark on or about February 8, 2024.

2) Plaintiff claims that Defendant STOKES unlawfully directed Meigs County Officers to seize her and arrest her while she was lawfully present at the Meigs County Courthouse.

3) Plaintiff further claims Defendant STOKES acted without probable cause; denied her due process and notice of the charges against her; denied her right to counsel; and denied her the right to defend herself.

1

4) The above acts are alleged to have resulted in an approximate 30-hour detention for which Plaintiff claims she suffered emotional and physical damages.

**II. Procedural Status**

5) Discovery is underway and the Courthouse video footage from the morning in question has been produced to the Plaintiff. In addition, the discovery depositions of the Plaintiff and two Sheriff's deputies (who were present when STOKES ordered the Plaintiff to be arrested) have been completed. Written discovery to Defendants Meigs County and to STOKES have been responded to.

6) STOKES deposition is in the process of being scheduled and, in advance of same, STOKES files the instant motion requesting the appointment of a Special Master to rule on any objections raised during his deposition. The Plaintiff's claims place absolute judicial immunity and a Judge's mental processes at issue. A Special Master can attend the deposition and make rulings on any objections "on the spot", ensuring the deposition proceeds smoothly and that the scope of inquiry remains appropriate.

7) For example, written discovery submitted by the Plaintiff to STOKES has already inquired into matters well beyond the scope of permissible inquiry against a Judge indicating that issues surrounding the scope of permissible inquiry will arise during the deposition.[1]

---

[1] Plaintiff has submitted the following interrogatories to STOKES that have been objected to:

**INTERROGATORY NO. 12:** Please provide a list of individuals and defendants in which Defendant Casey Stokes held in criminal contempt and ordered into custody during the thirty-six (36) months prior to your response to these Interrogatories?

**INTERROGATORY NO. 13**: For the period of the past thirty-six (36) months, please identify any complaint or report that any individual, regulatory agency, or entity made against you or any agent, representative, employee or ex-employee acting on your behalf, for criminal contempt arrests and incarceration. For each complaint or report you identify, please also provide the date(s) each was made or submitted, each individual that brought the complaint or made the report, each person that participated in responding to the complaint or report, the circumstances that led to the complaint or report, and any findings made or actions taken as a result, including any disciplinary actions you imposed.

2

8) STOKES has offered and requested the Plaintiff participate in the process of selecting a Special Master, however, Plaintiff has declined.[2]

9) In turn, STOKES has contacted prominent local attorney Eric J. Oliver who has agreed to serve as a Deposition Special Master and rule on any deposition objections. Attorney Oliver has also confirmed he has no conflicts in this matter and believes there are no grounds for disqualification under 28 U.S.C. §455. (See affidavit of Eric J. Oliver attached as Exhibit "1").

10) STOKES has also offered to bear the cost of the Special Master's charges so that no financial hardship is placed on the Plaintiff.

11) Against that backdrop, STOKES submits that good cause exists for the appointment of attorney Oliver as a deposition Special Master herein.

### III. Legal Issues

Judicial officers generally are ***absolutely*** immune from civil suits for monetary damages under §1983 for their judicial actions." *Cooper v. Parrish*, 203 F.3d 937, 944 (6th Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (per curiam)); see also *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions.") (quoting *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)) (emphasis added).

In addition, a Judge's mental processes and decision-making are privileged and not subject to disclosure. This prohibition stems from the principle that a court speaks only through its minutes. (*See, Perkins v. LeCureux*, 58 F.3d 214, 220 (6th Cir. 1995) wherein the Court noted "It is a firmly established rule in our jurisprudence that a judge may not be asked to testify about his mental processes in reaching a judicial decision. *See also, Fayerweather v. Ritch*, 195 U.S. 276, 306-07 (1904)).

---

[2] As such, a good faith effort to confer has been made before the filing of this motion.

3

In the instant case, where absolute judicial immunity and a judge's mental processes are at issue, a Special Master can attend the deposition and make rulings on any objections ensuring the deposition proceeds smoothly and that the scope of inquiry remains appropriate.

WHEREFORE, based on the above, Defendant STOKES requests that his Motion for Appointment of a Special Master for his Deposition be granted in all respects and that attorney Eric J. Oliver be appointed to serve in said capacity.

Respectfully submitted,

MICHEL AND WARD, P.C.

By: /S/ ALIX C. MICHEL

**Alix C. Michel (BPR No. 024243)**
**David J. Ward (BPR No. 013449)**
735 Broad Street, Suite 406
Chattanooga, Tennessee 37402
Telephone: 423.602.9522
alix@michelandward.com
david@michelandward.com
*Attorneys for Defendants*

4